BOARD OF PUBLIC UTILITY COMMISSIONERS *v.*
MANILA ELECTRIC RAILROAD & LIGHT COM-
PANY.

APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE
PHILIPPINE ISLANDS. ·

No. 230.   Argued March 14, 1919.—Decided March 24, 1919.

A judgment of the Supreme Court of the Philippine Islands, which
  denied the right of the Board of Public Utility Commissioners to
  require a Manila street car company to give free transportation to
  detectives wearing their badges concealed, and was based wholly
  upon a construction of the company's franchise ordinance, *held*
  not subject to review under Jud. Code, § 248, before the amendment
  of September 6, 1916, (1) as clearly not involving the Constitution
  or any statute, treaty, title or privilege of the United States, and
  (2) because the value in controversy was not shown to exceed
  $25,000.
Writ of error and appeal to review 30 Phil. Rep. 387, dismissed.

THE case is stated in the opinion.

*Mr. Edward S. Bailey* for appellant and plaintiff in error.

*Mr. Robert H. Neilson,* with whom *Mr. Paul D. Cravath* ·
and *Mr. Sherman Woodward* were on the brief, for appellee
and defendant in error.

Memorandum opinion by MR. CHIEF JUSTICE WHITE.

The Manila Electric Railroad & Light Company, the
appellee, operated in the City of Manila a street railway
and an electric light and power plant by virtue of a fran-
chise conferred by an ordinance adopted in 1902 by the
City in the exercise of a power given it by the local legis-
lative authority.

From the beginning, in giving effect to the provision of the franchise ordinance requiring that "members of the Police and Fire Departments of the City of Manila wearing official badges shall be entitled to ride free upon the cars of the grantee," that requirement was treated by the grantee as not embracing members of the detective branch of the Police Department who did not publicly wear official badges, although having such badges concealed upon their persons in such manner that they could be exposed or inspected when desired.

In 1914 the Board of Public Utility Commissioners, deeming that members of the detective force not publicly wearing their badges were entitled to ride free under the provisions of the ordinance, after notice and hearing to the Railroad on the subject, entered an order directing that members of the detective force be allowed to ride free under the circumstances stated. The Railroad, challenging the validity of the order, refused to obey it and, availing of the remedy provided by the local law, invoked the jurisdiction of the Supreme Court. In that court it disputed not only the correctness of the interpretation which had been given the ordinance by the Utility Commissioners but charged that if such interpretation were enforced a violation would result of the rights of the company in particulars stated guaranteed to it by the Bill of Rights provided by Congress for the Philippine Islands. The court, passing as unnecessary to be considered all the contentions made by the Railroad but the single one concerning the duty of the company under the franchise ordinance to furnish the free transportation ordered, decided that under the text of that ordinance the duty to furnish such transportation did not exist, and therefore set aside the order of the Commissioners. That body, both by error and appeal, brought the subject here for consideration.

As the action of the court complained of was taken

before the Act of September 6, 1916, and the appellate jurisdiction of this court was invoked before that act went into effect, our power to review is governed by § 248 of the Judicial Code. By that section the authority to review under the situation here disclosed can depend only upon one or both of two considerations, (a) whether the Constitution or any statute, treaty, title or privilege of the United States is involved, or (b) whether the value in controversy exceeds $25,000. *Compañia General* v. *Alhambra Cigar Co., ante,* 72.

We are of opinion that the mere construction by the court of the franchise ordinance, and its consequent ruling that the duty did not rest on the Railroad Company to give the free transportation which the orders of the Commissioners had directed to be given affords no ground for bringing the case within the first consideration, and indeed, that the contention that it does is too unsubstantial, not to say frivolous, to afford any basis for jurisdiction; and that the same conclusion is inevitably required as to the second consideration as the record discloses no ground whatever for concluding that the Utility Commissioners had any such pecuniary interest as to bring the case within the statute.

*Dismissed for want of jurisdiction.*